STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT
CASE TYPE: OTHER CIVIL

Douglas Duane Bahl and Susan Kovacs-Bahl,

      Plaintiffs,

v.

County of Ramsey,
Ramsey County Sheriff's Department,

and

City of St. Paul,

      Defendants.

**COMPLAINT**

Court File No. _____

## I. INTRODUCTION

1.     This is a lawsuit about two law enforcement agencies – a police department and a jail- that failed to communicate effectively with a deaf man. Because of their failures the deaf man was seriously beaten, arrested and isolated in jail for three days with no adequate or effective means of communicating with jail staff or of communicating with his family or other people outside the jail. His spouse, who is also deaf, was unable to locate him or communicate with him.

2.     On November 17, 2006, following a routine traffic stop, Plaintiff Douglas Bahl was arrested and beaten by police officers of the St. Paul Police Department because he requested that the arresting officer communicate with him in writing because he is deaf. In addition, St. Paul police officers did not provide appropriate and effective auxiliary aids and services for communicating with Mr. Bahl following the arrest.

**EXHIBIT A**

3.    After his arrest, Mr. Bahl was taken to the Ramsey County Adult Detention Center and held for three days.  During the time he was incarcerated, Ramsey County and the Ramsey County Sheriff's Department did not provide an American Sign Language (ASL) interpreter for communications between Mr. Bahl and its staff including communications concerning information which they were required by law to provide to Mr. Bahl.  This information included such topics as the charges against him, jail procedures and how he could be released from jail.  Ramsey County and the Ramsey County Sheriff's Department also failed to provide an interpreter for communications between Mr. Bahl and the Adult Detention Center's medical staff concerning Mr. Bahl's medical condition and treatment of his injuries.  In addition, Ramsey County and the Ramsey County Sheriff's Department failed to provide appropriate auxiliary aids and services that would allow Mr. Bahl to communicate with his family and attorneys, as other inmates could do.  The St. Paul Police Department also failed to provide interpreters for communications its officers had with Mr. Bahl after his arrest and during his incarceration.

4.    Susan Kovacs-Bahl is a deaf person and Mr. Bahl's wife.  Ms. Kovacs-Bahl was denied equal access to and benefit from the services provided by Ramsey County and the Ramsey County Sheriff's Department because of their failure to provide auxiliary aids and services for Mr. Bahl to communicate with people outside the jail.  As a result, she did not know where Mr. Bahl was from Friday evening until late Sunday afternoon.  Ms. Kovacs-Bahl was not able to contact Mr. Bahl or assist in his release for the entire time Mr. Bahl was incarcerated.

5.     The actions of St. Paul officers, including arresting and beating Mr. Bahl, and failing

to provide auxiliary aids and services necessary to ensure effective communication

with Mr. Bahl, constitute a denial of equal access to its services and benefits.

Defendant City of St. Paul violated the anti-discrimination provisions of the

American with Disabilities Act (42 U.S.C. § 12132), Section 504 of the Federal

Rehabilitation Act (29 U.S.C. § 794), as well as the Minnesota Human Rights Act

(Minn. Stat. § 363A.12). In addition, the City of St. Paul acted negligently by failing

to provide ASL interpreters for communications with Mr. Bahl after he was arrested.

6.     The failure of Defendants Ramsey County and the Ramsey County Sheriff's

Department to provide effective communication following Mr. Bahl's arrest and

during Mr. Bahl's incarceration constitutes a denial of equal access to its services and

benefits. Defendants violated the anti-discrimination provisions of the Americans

with Disabilities Act (42 U.S.C. § 12132), Section 504 of the Federal Rehabilitation

Act (29 U.S.C. § 794), as well as the Minnesota Human Rights Act (Minn. Stat. §

363A.12). In addition, Defendants Ramsey County and the Ramsey County Sheriff's

Department acted negligently by failing to provide ASL interpreters for

communications with Mr. Bahl while he was held in the Ramsey County Adult

Detention Center.

7.     Plaintiffs request declaratory and injunctive relief. They also seek compensatory and

punitive damages permitted by law, as well as statutory attorneys' fees and expenses.

## II. PARTIES

8.     Plaintiff Douglas Duane Bahl is a person with a disability as that term is defined by

the Americans with Disabilities Act, Section 504 of the Federal Rehabilitation Act,

3

and the Minnesota Human Rights Act.  He is a deaf person limited in the major life activity of hearing, and his primary language is American Sign Language (ASL).

9.  Plaintiff Susan Kovacs-Bahl is a person with a disability as that term is defined by the Americans with Disabilities Act, Section 504 of the Federal Rehabilitation Act, and the Minnesota Human Rights Act.  She is a deaf person limited in the major life activity of hearing, and her primary language is American Sign Language (ASL).

10.  Upon information and believe, Defendants Ramsey County and the Ramsey County Sheriff's Department own and operate the Ramsey County Adult Detention Center in St. Paul, Minnesota.

11.  The City of St. Paul is a municipality in the State of Minnesota.  The St. Paul Police Department is a department of the City of St. Paul.

### III. VENUE

12.  Venue is proper because the claims arose through actions that took place in Ramsey County.

### IV. FACTS

13.  On Friday, November 17, 2006, at approximately 5:00 p.m., Mr. Bahl was stopped by St. Paul Police officers for failing to stop for a red light.

14.  Defendant City of St. Paul, through its agents and representatives, knew that Plaintiff was deaf.

15.  During the traffic stop, Mr. Bahl informed the police officer that he was deaf and asked the officer to communicate with him in writing.  Mr. Bahl could not hear or understand the officer's speech.

4

16.    The officer refused Mr. Bahl's request to communicate in writing. When Mr. Bahl repeated his request and attempted to communicate with the police officer in writing, the police officer sprayed Mr. Bahl with a chemical spray, struck him, and pulled Mr. Bahl from his car. The arresting officer and other St. Paul police officers beat and kicked Mr. Bahl after he had been pulled from his car.

17.    After arresting Mr. Bahl, St. Paul police officers took Mr. Bahl to the Ramsey County Adult Detention Center.

18.    Mr. Bahl was incarcerated in the Ramsey County Adult Detention Center from Friday, November 17, 2006, until he was released in the afternoon of Monday, November 20, 2006.

19.    After he was arrested, Mr. Bahl made several requests to the City of St. Paul for an ASL interpreter. Defendant City of St. Paul did not provide an ASL interpreter for any communications its police officers and representatives had with Mr. Bahl following his arrest.

20.    During his incarceration, Mr. Bahl made several more requests to Ramsey County and the Ramsey County Sheriff's Department for an ASL interpreter to facilitate communication with Adult Detention Center staff and other Sheriff's Department representatives.

21.    Defendants Ramsey County and Ramsey County Sheriff's Department never provided an ASL interpreter for communications between Mr. Bahl and their agents and representatives during Mr. Bahl's incarceration at the Ramsey County Adult Detention Center.

22. Because of the failure of Defendants Ramsey County and Ramsey County Sheriff's Department to provide Mr. Bahl an interpreter, Defendants did not effectively communicate information to him, including, but not limited to information concerning the charges against him, procedures relating to his detainment, how he could be released from the Adult Detention Center, and his medical condition.

23. While Mr. Bahl was incarcerated in the Ramsey County Adult Detention Center, he made multiple requests for auxiliary aids he could use to communicate with people outside the jail, as other persons incarcerated at the Ramsey County Adult Detention Center could do.

24. Defendants Ramsey County and Ramsey County Sheriff's Department did not provide Mr. Bahl with any auxiliary aid or device he could use to communicate with people outside the jail until Monday afternoon, November 20, 2006, shortly before his release.

25. Because of the failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide a means of communicating with people outside the Ramsey County Adult Detention Center, Mr. Bahl had no way to directly reach Ms. Kovacs-Bahl, his family, a lawyer, his employer, or anyone else.

26. On Friday, November 17, 2006, Ms. Kovacs-Bahl was expecting Mr. Bahl at the Fairview Hospital Rehabilitation Center where she was recovering from surgery. Mr. Bahl had contacted Ms. Kovacs-Bahl shortly before he was arrested to tell her that he was on his way to the Rehabilitation Center to visit her. Mr. Bahl did not arrive at the Rehabilitation Center.

27. Because of Defendants' failure to provide a means of communicating with people outside the Adult Detention Center to Mr. Bahl, Ms. Kovacs-Bahl did not know where Mr. Bahl was for two days.

28. As a result of the actions of the City of St. Paul, Mr. Bahl was deprived of the full and equal use of, and benefit from, the programs, services and benefits of the City.

29. As a result of the actions of Defendants Ramsey County and the Ramsey County Sheriff's Department, Mr. Bahl and Ms. Kovacs-Bahl were deprived of the full and equal use of, and benefit from, the programs, services and benefits of the Ramsey County Sheriff's Department and the Ramsey County Adult Detention Center.

30. The failure of Defendant City of St. Paul to provide auxiliary aids for adequate and effective communication with Mr. Bahl, including using writing to communicate with Mr. Bahl, resulted in St. Paul police officers beating and arresting Mr. Bahl and causing him physical and emotional injuries.

31. Defendant City of St. Paul failed to adequately train its police officers concerning the rights of deaf people under federal and state law to effective communication and concerning procedures for effectively communicating with deaf people.

32. Based on information and belief, Defendants Ramsey County and Ramsey County Sheriff's Department failed to adequately train its police officers concerning the rights of deaf people under federal and state law to effective communication and concerning procedures for effectively communicating with deaf people.

33. The actions of Defendant City of St. Paul show deliberate disregard for the rights or safety of others, including specifically the rights or safety of deaf persons.

34.     The actions of Defendants Ramsey County and Ramsey County Sheriff's Department show deliberate disregard for the rights or safety of others, including specifically the rights or safety of deaf persons.

35.     As a result of Defendants' actions and failures to act, Mr. Bahl and Ms. Kovacs-Bahl suffered emotional injuries, including but not limited to, fear, anxiety, humiliation, and embarrassment.

## V.  CAUSES OF ACTION AGAINST DEFENDANT CITY OF ST. PAUL – DOULGAS BAHL

### First Cause of Action – Douglas Bahl
### Violation of the ADA

36.     Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates their contents into this Case of Action by reference.

37.     The City of St. Paul is an entity covered by the Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

38.     Defendant City of St. Paul is responsible for the operation of the St. Paul Police Department.

39.     The actions of Defendant City of St. Paul discriminated against Mr. Bahl on the basis of disability and denied him the equal benefit of its services, programs and activities in violation of Title II of the American with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

40.     The failure of Defendant City of St. Paul to use auxiliary aids for adequate and effective communication with Mr. Bahl, including writing, during Mr. Bahl's traffic stop on November 17, 2006, violated the prohibition against discrimination contained

in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its

implementing regulations (28 C.F.R. Part 35).

41.   The failure of Defendant City of St. Paul to provide auxiliary aids for adequate and

effective communication with Mr. Bahl, including an ASL interpreter, following Mr.

Bahl's arrest on November 17, 2006, violated the prohibition against discrimination

contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its

implementing regulations (28 C.F.R. Part 35).

42.   The failure to Defendant City of St. Paul to provide auxiliary aids for adequate and

effective communication with Mr. Bahl including using writing to communicate with

Mr. Bahl, resulted in St. Paul police officers beating and arresting Mr. Bahl and

causing him physical and emotional injuries.

43.   As a result of Defendant's actions, and its failures to act, Plaintiff Douglas Bahl

suffered the physical and emotional harm described in this Complaint.

**Second Cause of Action – Douglas Bahl**
**Violation of Section 504 of the Federal Rehabilitation Act**

44.   Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this

Complaint and incorporates them into this Cause of Action by reference.

45.   To the best of Plaintiffs' information and belief, the City of St. Paul receives funding

from the United States Government for its Police Department and is, therefore,

covered by Section 504 of the Federal Rehabilitation Act.

46.   The failure of Defendant City of St. Paul to use auxiliary aids for adequate and

effective communication with Mr. Bahl, including writing, during Mr. Bahl's traffic

stop on November 17, 2006, violated the prohibition against discrimination contained

in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794 and its implementing regulations.

47.    The failure to Defendant City of St. Paul to provide auxiliary aids for adequate and effective communication with Mr. Bahl, including using writing to communicate with Mr. Bahl, resulted in St. Paul police officers beating and arresting Mr. Bahl and causing him physical and emotional injuries.

48.    The failure of Defendant City of St. Paul to provide auxiliary aids for adequate and effective communication with Mr. Bahl, including an ASL interpreter, following Mr. Bahl's arrest on November 17, 2006, violated the prohibition against discrimination contained in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations.

49.    As a result of Defendant's actions, Plaintiff Doug Bahl suffered the emotional harm described in this Complaint.

### Third Cause of Action – Douglas Bahl
### Violation of Minnesota Human Rights Act

50.    Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates their contents into this Cause of Action by reference.

51.    The St. Paul Police Department is a department of the City of St. Paul which is a public service as that term is defined by the Minnesota Human Rights Act , Minn. Stat. § 363A.03, subdiv. 35.

52.    The failure of Defendant City of St. Paul to use auxiliary aids for adequate and effective communication with Mr. Bahl, including writing during Mr. Bahl's traffic stop on November 17, 2006, violated the Minnesota Human Rights Act, Minn. Stat. § 363A.12.

10

53.   The failure to Defendant City of St. Paul to provide auxiliary aids for adequate and
      effective communication with Mr. Bahl including using writing to communicate with
      Mr. Bahl resulted in St. Paul police officers beating and arresting Mr. Bahl and
      causing him physical and emotional injuries.

54.   The failure of Defendant City of St. Paul to provide auxiliary aids for adequate and
      effective communication with Mr. Bahl, including an ASL interpreter, following Mr.
      Bahl's arrest on November 17, 2006, violated the Minnesota Human Rights Act,
      Minn. Stat. § 363A.12, subdiv. 1.

55.   As a result of Defendant's actions, Plaintiff Douglas Bahl suffered the physical and
      emotional harm described in this Complaint.

### Fourth Cause of Action – Douglas Bahl
### Negligence

56.   Plaintiff Douglas Bahl realleges the contents of Paragraph1 through 35 of this
      Complaint and incorporates their contents into this Cause of Action by reference.

57.   Defendant City of St. Paul had a statutory duty to provide ASL interpreters to
      communicate with Mr. Bahl following his arrest regarding information which is
      required by Minn. Stat. § 611.32, including, but not limited to, information
      concerning the reasons for his arrest and the charges filed against him.

58.   Defendant City of St. Paul failed to provide ASL interpreters to communicate to him
      information which is required by Minn. Stat. § 611.32, including but not limited to
      information concerning the reasons for his arrest and the charges filed against him.

59.   As a result of Defendant's breach of its duty, Plaintiff Douglas Bahl suffered the
      harm described in this Complaint.

11

## VI.  CAUSES OF ACTION AGAINST DEFENDANTS RAMSEY COUNTY AND RAMSEY COUNTY SHERIFF'S DEPARTMENT – DOULGAS BAHL

### Fifth Cause of Action
### Violation of the ADA

60.  Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates their contents into this Cause of Action by reference.

61.  Defendant Ramsey County and the Ramsey County Sheriff's Department are entities covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

62.  Defendants Ramsey County and the Ramsey County Sheriff's Department are responsible for operating, managing and supervising the Ramsey County Adult Detention Center.

63.  The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide an ASL interpreter to ensure adequate and effective communication with Mr. Bahl during Mr. Bahl's incarceration in the Ramsey County Adult Detention Center violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

64.  The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

65. The actions and failures of Defendants Ramsey County and Ramsey County Sheriff's Department discriminated against Mr. Bahl on the basis of disability and denied him the equal benefit of their services, programs and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

66. As a result of Defendants' actions, and their failures to act, Plaintiff Douglas Bahl suffered the emotional harm described in this Complaint.

### Sixth Cause of Action
### Violation of Section 504 of the Federal Rehabilitation Act

67. Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates them into this Cause of Action by reference.

68. To the best of Plaintiff's information and belief, Defendants Ramsey County and Ramsey County Sheriff's Department are entities which receive funding from the United States Government for the operation of the Ramsey County Adult Detention Center and are, therefore, covered by Section 504 of the Federal Rehabilitation Act.

69. The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide an ASL interpreter to ensure adequate and effective communication with Mr. Bahl during Mr. Bahl's incarceration in the Ramsey County Adult Detention Center violated the prohibition against discrimination based on disability contained in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794 and its implementing regulations.

70. The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated

violated the prohibition against discrimination contained in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794 and its implementing regulations.

71.    As a result of Defendants' actions, Plaintiff Douglas Bahl suffered the emotional harm described in this Complaint.

**Seventh Cause of Action**
**Violation of Minnesota Human Rights Act**

72.    Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates their contents into this Cause of Action by reference.

73.    Defendants Ramsey County and the Ramsey County Sheriff's Department operate the Adult Detention Center which is a public service as that term is defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, subdiv. 35.

74.    The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated violated the Minnesota Human Rights Act, Minn. Stat. § 363A.12, subdiv. 1.

75.    Defendants failed to provide effective auxiliary aids for contacting people outside the Adult Detention Center during the period of time Plaintiff was incarcerated in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.12, subdiv. 1.

76.    As a result of Defendants' actions, Plaintiff Douglas Bahl suffered the emotional harm described in this Complaint.

14

### Eighth Cause of Action
### Negligence

77.     Plaintiff Douglas Bahl realleges the contents of Paragraphs 1 through 35 of this

        Complaint and incorporates their contents into this Cause of Action by reference.

78.     Defendants Ramsey County and the Ramsey County Sheriff's Department had a

        statutory duty to provide ASL interpreters to communicate with Mr. Bahl following

        his arrest regarding information which is required by Minn. Stat. § 611.32, including,

        but not limited to, information concerning the charges filed against him, the

        procedures relating to his detainment and release, and communications related to

        medical care.

79.     Defendants Ramsey County and the Ramsey County Sheriff's Department failed to

        provide ASL interpreters to communicate to Mr. Bahl information which is requested

        by Minn. Stat. § 611.32, including, but not limited to, information concerning the

        charges filed against him, the procedures relating to his detainment and release, and

        communications related to medical care.

80.     As a result of Defendants' breach of its duty, Plaintiff Douglas Bahl suffered the

        emotional harm described in this Complaint.

## VII.  CAUSES OF ACTION AGAINST DEFENDANTS RAMSEY COUNTY AND RAMSEY COUNTY SHERIFF'S DEPARTMENT – SUSAN KOVACS-BAHL

### Ninth Cause of Action
### Violation of the ADA

81.     Plaintiff Susan Kovacs-Bahl realleges the contents of Paragraphs 1 through 35 of this

        Complaint and incorporates their contents into this Cause of Action by reference.

82.     Defendants Ramsey County and the Ramsey County Sheriff's Department are entities

        covered by the Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

83. Defendants Ramsey County and the Ramsey County Sheriff's Department are responsible for managing and supervising the Ramsey County Adult Detention Center.

84. The actions and failures of Defendants Ramsey County and the Ramsey County Sheriff's Department discriminated against Ms. Kovacs-Bahl on the basis of disability and denied her the equal benefit of their services, programs and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

85. The failure of Defendants Ramsey County and the Ramsey County Sheriff to provide effective auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

86. As a result of Defendants' actions, and their failures to act, Plaintiff Susan Kovacs-Bahl was unable to communicate with Mr. Bahl and suffered the emotional harm described in this Complaint.

### Tenth Cause of Action
### Violation of Section 504 of the Federal Rehabilitation Act

87. Plaintiff Susan Kovacs-Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates them into this Cause of Action by reference.

88. To the best of Plaintiff's information and belief, Defendants Ramsey County and Ramsey County Sheriff's Department are entities which receive funding from the United States Government for the operation of the Ramsey County Adult Detention Center and are, therefore, covered by Section 504 of the Federal Rehabilitation Act.

16

89.  The failure of Defendants Ramsey County and the Ramsey County Sheriff to provide effective auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated violated the prohibition against discrimination contained in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794 and its implementing regulations.

90.  As a result of Defendants' actions, Plaintiff Susan Kovacs-Bahl was unable to communicate with Mr. Bahl and suffered the emotional harm described in this Complaint.

## Eleventh Cause of Action
## Violation of Minnesota Human Rights Act

91.  Plaintiff Susan Kovacs-Bahl realleges the contents of Paragraphs 1 through 35 of this Complaint and incorporates their contents into this Cause of Action by reference.

92.  Defendants Ramsey County and the Ramsey County Sheriff's Department operate the Adult Detention Center which is a public service as that term is defined by the Minnesota Human Rights Act, Minn. Sta. § 363A.03, subdiv. 35.

93.  The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide auxiliary aids for Mr. Bahl to communicate with people outside the Adult Detention Center during the time Mr. Bahl was incarcerated violated the Minnesota Human Rights Act, Minn. Stat. § 363A12, subdiv. 1.

94.  As a result of Defendants' actions, Plaintiff Susan Kovacs-Bahl was unable to communicate with Mr. Bahl and suffered the emotional harm described in this Complaint.

17

## VIII.  RELIEF

Plaintiffs respectfully request that this Court issue the following relief:

1.    That the Court issue a declaratory judgment, holding:

    a.   The failure of St. Paul police officers to communicate with Mr. Bahl in writing after Mr. Bahl requested them to do so violated the ADA (Americans with Disabilities Act), Section 504 of the Federal Rehabilitation Act and the Minnesota Human Rights Act.

    b.   St. Paul police officers violated the ADA (Americans with Disabilities Act), Section 504 of the Federal Rehabilitation Act and the Minnesota Human Rights Act when they beat Mr. Bahl.

    c.   St. Paul police officers violated the ADA (Americans with Disabilities Act), Section 504 of the Federal Rehabilitation Act and the Minnesota Human Rights Act when they arrested Mr. Bahl.

    d.   The failure of St. Paul police officers to provide an ASL interpreter to communicate with Mr. Bahl after Mr. Bahl was arrested in order to communicate information concerning the reasons why Mr. Bahl was arrested and the charges against him violated the ADA (Americans with Disabilities Act), Section 504 of the Federal Rehabilitation Act, the Minnesota Human Rights Act, and Minn. Stat. § 611.32.

    e.   The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide an ASL interpreter during Mr. Bahl's incarceration in the Adult Detention Center violated the ADA (Americans with Disabilities Act),

Section 504 of the Federal Rehabilitation Act, the Minnesota Human Rights Act, and Minn. Stat. § 611.32.

    f.   The failure of Defendants Ramsey County and the Ramsey County Sheriff's Department to provide effective auxiliary aids and services to permit Mr. Bahl to communicate with people outside the Adult Detention Center violated the ADA (Americans with Disabilities Act), Section 504 of the Federal Rehabilitation Act, the Minnesota Human Rights Act and Minn. Stat. § 611.32.

2.    To issue an Order directing Defendant City of St. Paul to cease and desist from failing to provide appropriate auxiliary aids and services, including ASL interpreters, to ensure effective communication between its police officers and deaf people following their arrest.

3.    To issue an Order directing Defendants Ramsey County and the Ramsey County Sheriff's Department to cease and desist from:

    a.   Failing to provide appropriate auxiliary aids and services, including interpreters, to ensure effective communication between Defendants' staff and deaf people incarcerated in the Adult Detention Center.

    b.   Failing to provide effective auxiliary aids for deaf people incarcerated in the Adult Detention Center to communicate with those outside the jail.

4.    To issue an Order for prospective injunctive relief against Defendant City of St. Paul:

    a.   Requiring Defendant to honor the requests of arrestees for auxiliary aids and services unless the Chief of the St. Paul Police Department, or his designee, determines that doing so would materially alter the programs and services of the St. Paul Police Department or would result in an undue financial burden.

19

    b.  Requiring Defendant to develop and implement policies and practices to ensure that the St. Paul Police Department and St. Paul police officers provide and use appropriate auxiliary aids and services that will ensure effective communication with deaf and hard of hearing people.

    c.  Requiring Defendant to fully train St. Paul police officers, including supervisors, to ensure that the St. Paul Police Department and St. Paul police officers provide and use appropriate auxiliary aids and services that will ensure effective communication with deaf and hard of hearing people.

5.    To issue an Order for prospective injunctive relief against Defendants Ramsey County and Ramsey County Sheriff:

    a.  Requiring Defendants to assess the communication needs of deaf prisoners in the Adult Detention Center and to provide appropriate auxiliary aids and services, including ASL interpreters capable of ensuring effective communication between Defendants' staff and deaf prisoners, in a timely fashion.

    b.  Requiring Defendants to honor the requests of arrestees for auxiliary aids and services unless the Ramsey County Sheriff or his designee determines that doing so would materially alter the programs and services of the Ramsey County Adult Detention Center or would result in an undue financial burden.

    c.  Requiring Defendants to develop and implement new policies and guidelines for hiring, contacting and providing ASL for interpreters that will result in Defendants providing effective and qualified ASL interpreters when deaf people are incarcerated at the earliest time possible.

    d.  Requiring Defendants to fully train all Adult Detention Center staff and Ramsey County Sheriff's Department staff to ensure that they promptly provide and use appropriate auxiliary aids and services that will ensure effective communication with deaf and hard of hearing people.

    e.  Requiring Defendants to promptly provide adequate and effective auxiliary aids and services, including, but not limited to, access to e-mail and videophone, to deaf people incarcerated in the Adult Detention Center that will allow them to communicate effectively with people outside the Adult Detention Center.

6.    Directing Defendant City of St. Paul to pay Plaintiff Douglas Bahl compensatory damages for the physical and emotional harm he incurred as a result of its actions in an amount in excess of $50,000.

7.    Directing Defendants Ramsey County and the Ramsey County Sheriff's Department to pay Plaintiff Douglas Bahl compensatory damages for the harm he incurred as a result of their actions in an amount in excess of $50,000.

8.    Directing Defendants Ramsey County and the Ramsey County Sheriff's Department to pay Plaintiff Susan Kovacs-Bahl compensatory damages for the harm she incurred as a result of their actions in an amount in excess of $50,000.

9.    Directing Defendants to pay treble damages to each Plaintiff, pursuant to Minn. Stat. §§ 363A.33, subdiv. 6 and 363A.29, subdiv. 4.

10.    Ordering Defendants and each of them to pay each Plaintiff $25,000 as and for punitive damages pursuant to Minn. Stat. §§ 363A.33, subdiv. 6 and 363A.29, subdiv. 4.

11.    Ordering Defendants to pay statutory attorneys' fees and expenses.

12.  Awarding such other and further relief as the Court determines is reasonable.

MINNESOTA DISABILITY LAW CENTER

Date: 18 July 2008

By: _Roderick J. Macpherson_
Roderick J. Macpherson III
Attorney Id. 66163
430 First Ave. N., #300
Minneapolis and Minneapolis, MN 55401-1780
(612) 746-3731

Emily Teplin
Attorney Id. 0387970
430 First Ave. N., #300
Minneapolis, MN 55401-1780
(612) 746-3739

Attorneys for Plaintiffs

**ACKNOWLEDGMENT REQUIRED BY**
**MINN. STAT. § 549.21, SUBDIV. 1**

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.21, subdiv. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Respectfully submitted,

MINNESOTA DISABILITY LAW CENTER

Date: 18 July 2008

By: _Roderick J. Macpherson_
Roderick J. Macpherson III, Id # 66163

Date: 18 July 2008

By: _Emily Teplin_
Emily Teplin, Id. # 0387970

0611-0204854--405381.doc

22